[File No. 7356]

NATHANIEL C. STARK AND ALICE STARK; DONALD W.
INGALLS AND EVELYN C. INGALLS; NANCY HEN-
DRICKSON AND CARL HENDRICKSON; JOHN
CHRISTIANSON; HUGO RASK AND EDITH RASK,
Respondents, v. HEART RIVER IRRIGATION DISTRICT,
A BODY CORPORATE, Appellant.

(58 NW2d 623)

Opinion filed May 23, 1923

*Sullivan, Kelsch & Scanlon,* for appellant.
*Strutz, Jansonius & Fleck,* for respondents.
*I. A. Acker,* Special Assistant Attorney General for State
Water Conservation Commission, appearing Amicus Curiae.

NELSON, District Judge. The controversy to which this pro-
ceeding relates first came before this court on motion by respon-
dents to dismiss the appeal taken by the defendant, Heart River
Irrigation District, from an adverse judgment of the district
court of Morton County, North Dakota. Stark et al. v. Heart
River Irrigation District, 77 ND 827, 47 NW2d 126. The motion
was denied and the case was thereafter heard and decided on
its merits. Stark et al. v. Heart River Irrigation District, 78
ND 302, 49 NW2d 217. The judgment of the district court was
modified and the case remanded to the district court with direc-
tions to enter judgment in conformity with the opinion. The

facts are set out fully in the opinion and will not be restated here.

In remanding the case with directions we said:

"The judgment of the district court is modified and the case remanded with directions to exclude from the district the lands of respondent Rask stipulated to be excluded therefrom and to enter judgment retaining in the district all class I, II and III lands and such portions of class V and VI lands as constitute ten-acre tracts containing substantial irrigable acreage as established by the order of the board, exhibit 1."

Upon the return of the remittitur counsel for the appellant, the irrigation district, prepared and presented to the trial court proposed findings of fact, conclusions of law and order for judgment. The trial court declined to sign the same claiming that it was impossible to determine from the decision of this court just what lands were to be retained in the district and what lands were to be excluded therefrom and certified to this court four questions of law for clarification of the final determination of this court, the four questions so certified being as follows:

"(1) Shall all 10-acre tracts of land that contain any Class I, II or III lands, no matter how small in area, be retained within the boundaries of the Heart River Irrigation District?

"(2) Shall only such 10-acre tracts of land which contain a 'substantial portion' or a 'substantial irrigable acreage' of Class I, II or III lands be retained within said district?

"(3) Shall only such 10-acre tracts of land which contain a 'substantial portion' or a 'substantial irrigable acreage' of Class V lands be retained within said irrigation district?

"(4) If only such 10-acre tracts of land as contain a 'substantial portion' or a 'substantial irrigable acreage' of Class I, II and III or V lands shall be retained in the district, what area in determining the required acreage of irrigable or potentially irrigable land shall be established as the criterion for the exclusion or inclusion of such 10-acre tracts of land in said irrigation district?"

The Heart River Irrigation District is governed by a board of directors and after its creation a number of persons owning lands within its borders petitioned the board as authorized by law that their lands be excluded from the district for the various

reasons stated in the several petitions filed with the board. The statute provides that in petitions for such exclusion the description of the lands sought to be excluded need not be more particular nor certain than is required when the lands are entered in the assessment book by the township assessor. The unit of assessment of rural real property in this state is the quarter section, or a legal subdivision thereof. Sec 57–0238 NDRC 1943. The board, in passing upon the several petitions for exclusion subdivided the land of each petitioner into ten-acre tracts, each consisting of one-fourth of a quarter-quarter section, designating the method employed as the ten-acre formula, which was approved by the court in the case cited and so referred to in the opinion. We held that class I, II and III lands were irrigable and class V lands potentially irrigable. It is evident that throughout the opinion we were dealing with *tracts* of land containing irrigable or potentially irrigable acreage. We said:

"In designating the lands to be retained in the district the board adopted what it terms a ten-acre formula, by the application of which the land in each quarter-quarter section was subdivided into four squares of ten acres each and each ten acre tract containing a substantial amount of irrigable land was retained in the district, although such ten acre tract might also contain some class V or non-irrigable lands. All tracts of ten acres or more containing little or no irrigable acreage were excluded from the district."

"We are satisfied from an examination of the whole record that *class I, II and III lands are irrigable* and that the cost of leveling is not so high as to make it economically unsound or prohibitive."

"The rule adopted by the board in this case is certainly a reasonable one, reducing as it has the government subdivisions to ten acre tracts which are both describable and definable and capable of identification. *Where land has been reduced to describable and definable rectangular tracts of ten acres each the established irrigability of a substantial portion of a tract makes the entire tract an irrigable tract within the contemplation of*

*our statute and it may be lawfully included or retained* in the district." (Emphasis ours.)

The district court had reversed the decision of the board and held that all of the lands of the petitioners should be excluded from the district. We determined that the board by its order, exhibit 1, included a part of the petitioners' lands within the district and excluded other parts of petitioners' lands; that in doing so the board adopted a plan of using ten acre tracts in determining the lands excluded or included and that such a rule was reasonable and that in applying the rule the board included within the district only such ten acre tracts as contained a substantial portion of irrigable land. This application of the rule we also approved. Thus we upheld the order of the board in all respects except as to that portion of the Rask lands which had been excluded by stipulation. But because it was necessary to provide for the exclusion of these lands we could not enter a straight affirmance of the order of the board. For that reason, the last paragraph of the opinion, which is quoted above, was written directing a modification of the judgment of the district court.

This is strictly in accord with the last paragraph of the syllabus, which reads:

"In a proceeding to exclude lands from an irrigation district under the provisions of Chapter 61–10, NDRC 1943, where it appears that the board of directors of an irrigation district has divided the legal subdivisions into rectangular ten acre tracts, the refusal of the board to exclude those tracts containing a substantial portion of irrigable land was not erroneous, it not being imperative that irrigable areas retained within a district be described by metes and bounds."

Under our decision the district court was not required to retry any of the issues in the case as all controverted issues, both of law and of fact, had been decided and determined. Its duty is to order the entry of a modified judgment excluding from the irrigation district the Rask lands covered by the stipulation, and retaining therein all and only such other lands as were retained in the district by the board of directors in its order, exhibit 1.

What we have said above makes it unnecessary to answer the certified questions.

MORRIS, C. J., and BURKE and GRIMSON, JJ., and THOM, Dist. J., concur.

CHRISTIANSON and SATHRE, JJ., disqualified, did not participate.